UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DAVID LEE MOORE,**

    Petitioner,

v.

                                  Case No. 2:22-cv208

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

## REPORT AND RECOMMENDATION

Pro se Petitioner David Lee Moore ("Moore" or "Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his convictions for first-degree murder, stabbing in the commission of a felony, and attempted breaking and entering. Moore pled guilty to those charges and was sentenced to serve a total of sixty-three years. This Petition alleges claims based on "extrinsic fraud," an incomplete record, ineffective counsel, and coercion to enter a guilty plea. Respondent Harold W. Clarke ("Respondent") moves to dismiss the Petition, arguing in part that the Petition is time-barred under 28 U.S.C. § 2244(d)(1). Because Petitioner's claims are time-barred, this Report recommends that the court dismiss the Petition.

### I. STATEMENT OF THE CASE

On August 10, 1999, Moore was convicted in the Newport News Circuit Court of first-degree murder, stabbing in the commission of a felony, and attempted breaking and entering. Resp't's Br. (ECF No. 16, at 1). He was sentenced to sixty-three years. Id. Moore appealed directly to the Court of Appeals of Virginia, arguing that he did not knowingly and voluntarily enter a guilty plea. Resp't's Ex. A (ECF No. 1-2, at 16–22). On December 9, 1999, the Court of

Appeals of Virginia denied and dismissed Moore's direct appeal, rejecting his claims that his plea was not entered knowingly and voluntarily. Id. at 35–37. Moore then appealed to the Supreme Court of Virginia which refused his appeal by order on June 14, 2000. Id. at 45.

Moore did not pursue any further relief for twenty years. Then, on March 8, 2021, Moore filed a Motion to Vacate Void Judgment with the Court of Appeals of Virginia, alleging extrinsic fraud committed on the court through an incomplete record, as well as ineffective assistance of counsel, and coercion to enter guilty pleas. Pet'r's Ex. (ECF No. 1-2, at 1–6). Moore claimed that the earlier judgment entered was void ab initio. Id. at 5. The Court of Appeals denied and dismissed the motion on May 7, 2021. Id. at 15–17. The Court of Appeals then denied Moore's motion for rehearing on June 15, 2021. Id. at 23. Moore attempted to appeal to the Supreme Court of Virginia, but he failed to perfect the appeal and thus had it denied and dismissed pursuant to Virginia Rule 5:17(a)(2) on October 18, 2021. Id. at 36.

On May 17, 2022, this court received Moore's Motion for Relief, which was eventually filed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pet. (ECF No. 1). In the Petition, Moore alleges the same claims that he raised before the Court of Appeals and Supreme Court in his 2021 filings. Id. at 3 ("[I]n this case you have fraud, [coercion] and ineffective assistance of [counsel]."). Additionally, although he makes no mention of equitable tolling, Moore claims that his petition can be heard due to evidence of actual innocence and requests an evidentiary hearing on the issue. Id. at 4. Respondent moves to dismiss the Petition, arguing in part that each of the claims is barred by the federal statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Br. (ECF No. 16, at 4–6). Moore filed a Response, arguing that the Petition is not time-barred, and presumably that the statute of limitations began to run after his second

appeal to the Supreme Court of Virginia was dismissed on October 18, 2021. Pet'r's Resp. (ECF No. 21, at 3–4).

## II. LEGAL STANDARD

A motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted) (discussing Fed. R. Civ. P. 12(b)(6)); see also Goard v. Crown Auto, Inc., 170 F. Supp. 3d 915, 917 (W.D. Va. 2016) (noting that a "motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim"). A complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (cleaned up)). Factual allegations cannot require speculation or merely be conceivable. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. This inquiry is "context-specific." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009).

In considering a motion to dismiss, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citing Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). The court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)) (cleaned up).

### III. ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Moore challenges his convictions on the grounds that they were obtained through extrinsic fraud, based on an incomplete record, and that he was denied effective assistance of counsel and coerced to enter a guilty plea. But Moore is time-barred from raising those claims now, and he offers no valid reason to excuse his untimely filing. This Report thus RECOMMENDS the court GRANT Respondent's Motion to Dismiss, (ECF No. 14), and DISMISS Moore's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1).

#### A. Moore's Petition is Time-Barred.

A prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations period, which runs from the latest of the date on which (A) the judgment becomes final by the conclusion of direct review; (B) any state-created impediment to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted; or (D) the claim's factual predicate was or could have been discovered through due diligence. § 2244(d)(l)(A)–(D). If a petitioner declines to seek certiorari in the Supreme Court of the United States after exhausting all avenues of direct review in state court, the petitioner's judgment becomes final after ninety days. Gonzales v. Thaler, 565 U.S. 134, 149–50 (2012).

Moore's response to the Motion to Dismiss argues that he "has . . . one year to file in federal court. Pet'r's Resp. (ECF No. 21, at 3). Moore believes he complied with that timeline because "[t]he VA supreme court [sic] ruled on [his] appeal Oct 18th, 2021" and his "motion for writ of habeas [sic] was filed May 17th[,] 2022." Id. Further, Moore argues that "an order obtained by fraud is 'void abinitio' [sic] and can be challenged by all persons, anywhere, at [any time] in any

4

manner." Id. at 3–4. Moore is incorrect. Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations period begins to run on the date which the judgment becomes final by conclusion of direct review. Here, that period began to run directly after the ninety-day period allowed for Moore to seek certiorari from the Supreme Court of the United States following the Virginia Supreme Court's denial of his direct appeal. See Gonzales, 565 U.S. at 149–50 (2012). The Virginia Supreme Court denied Moore's direct appeal on June 14, 2000, which means Moore had until September 12, 2001, to file his federal petition. See id.; 28 U.S.C. § 2244(d)(1)(A). Instead, he filed his petition more than twenty years later. Accordingly, Moore's petition is time-barred.

**B.       Moore Presented No Evidence to Warrant Equitable Tolling.**

In exceptional cases, equitable tolling of the statute of limitations applies when a litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemo, 544 U.S. 408, 413 (2005). The Fourth Circuit limits equitable tolling to those rare circumstances when impediments external to the petitioner's conduct prevent a timely filing. See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014). Moore has not argued for equitable tolling nor is there any evidence in the record to warrant it.

**C.       Moore Presented Insufficient Evidence of Actual Innocence to Overcome the Time-Bar.**

Petitioner may also overcome a time-bar by making a credible showing of actual innocence. To do so, he must produce new reliable evidence sufficient to persuade the court no reasonable juror would have found him guilty beyond a reasonable doubt. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Although Moore contends that the Court of Appeals of Virginia erred by declining de novo review of the evidence entered at trial, and requested an evidentiary hearing

5

on this issue, he has not provided the court with any <u>new</u> reliable evidence on which such a claim could be premised. The primary evidence Moore disputes in his case is the credibility of eyewitness testimony and his willingness to enter a guilty plea. Pet. (ECF No. 1, at 2–5); Pet'r's Resp. (ECF No. 21, at 5–6). This is not new evidence as the facts were known to Moore when he originally pled guilty over two decades ago.

Moore correctly cites <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), which sets forth the standard for reviewing a defaulted claim on its merits. Pet'r's Resp. (ECF No. 21, at 6). To "satisfy the <u>Schlup</u> standard, a petitioner must instead demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice." <u>Teleguz v. Pearson</u>, 689 F.3d 322, 329 (4th Cir. 2012) (citing <u>Schlup</u>, 513 U.S. at 327). At no point, however, has Moore met the requirement of a credible claim and "support[ed] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. Most fundamentally, this is because none of the evidence Moore relies upon is new information.

Moore requests that the court grant him an evidentiary hearing because the Commonwealth did not have [enough] evidence to support a conviction. Pet'r's Resp. (ECF No. 21, at 5). In support of Moore's argument, he claims (1) that the Newport News Circuit Court denied the withdrawal of his guilty plea and that "there was a good chance [he would have] got [his] pleas back in the Court of Appeals;" (2) that if Moore had a lawyer with "his best interest in mind," then "the outcome would have been different;" and (3) that an eyewitness account given to a police officer on scene was "a lie nobody stop[ped]."[1] Id. at 5–6.

---

[1] Specifically, that witness "said her son's attacker was clean shaved head & clean shaved [sic]," but Moore "at the time of his arrest had [a] full beard & long hair." Pet'r's Resp. (ECF No. 21, at 6).

6

Moore's factual arguments are premised on the same errors that he has claimed in state collateral proceedings. If Moore had, for example, introduced affidavits containing new, contradictory testimony regarding his identification as a murder suspect, then it is possible his claim could meet the Schlup standard. See Teleguz, 689 F.3d at 325–27, 330–32 (remanding case to district court for evidentiary hearing where petitioner presented affidavits recanting two of three prosecution's witnesses' testimony in murder-for-hire scheme). In the absence of any new evidence, however, the court cannot grant Moore an evidentiary hearing. See Schlup, 513 U.S. at 324, 327; see also Thomas v. Taylor, 170 F.3d 466, 474–45 (4th Cir. 1999) ("An evidentiary hearing in a federal habeas corpus proceeding is mandatory only where there is a factual dispute which . . . would entitle the petitioner to relief and the petitioner has not received a full and fair evidentiary hearing in state court."). Pro se petitions should be "liberally construed," but the court cannot become "an advocate" by creating claims or allegations inadequately pleaded. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). For these reasons, Moore has not asserted sufficient evidence of factual innocence to overcome the hurdle of the time-bar.

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, I conclude that Moore's claims are time-barred, and he has not presented sufficient evidence to excuse the late filing and allow the court to consider his claims. Accordingly, I RECOMMEND that the court GRANT Respondent's Motion to Dismiss, (ECF No. 14), and DISMISS Moore's petition under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 19, 2022

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**David Lee Moore**
Inmate No. 1024033
VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

and an electronic copy was provided to:

**Leah Ann Darron**
Senior Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By /s/ J. L. Meyers
_____
Deputy Clerk

October 19 , 2022